Chad Anderson AZ Bar 020771
120 E Rio Salado Parkway
Tempe, Arizona 85281
T: 602-904-5485
chad@dposolutions.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| BAOL LLC, ) | |
|    A Delaware Limited Liability Company ) | |
|    And Lanning Janosov, an individual ) | No. 22-cv- |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| ) | |
| Lubos Dzuba, an individual; a/k/a Elio ) | |
| Chalamet; a/k/a @elioprivate; a/k/a @eliofree ) | |
| ) | |
| ) | |

     Plaintiffs BAOL LLC and Lanning Janosov (hereinafter referred to as "Plaintiff" or "PL") by and through counsel, for its complaint against Defendant Lubos Dzuba (hereinafter referred to as "Defendant") based upon federal question and supplementary jurisdiction, for just cause presents the Court with the following Complaint and requests for relief.

## INTRODUCTION

Piracy of copyrighted and trademarked works is a multi-billion dollar, global industry of theft, made possible using commercial means of instant communication. The Internet is an international marketplace of goods and ideas, where national boundaries can be crossed instantly, invisibly, and anonymously and transactions take place with little or no regulation or oversight. This wide-open environment has been compared to the Wild West, with great opportunities for legitimate and illegitimate businesses alike. Illegitimate vendors sell counterfeit physical goods such as luggage, perfumes, watches, and automobile safety equipment without significant risk of prosecution, even selling counterfeit prescription drugs that may or may not physically harm the consumer. Legitimate music and movies are easily sold online through instant digital downloads or streaming, but this ease of sale also means ease of theft by intellectual property infringers. A single legitimate download can be replicated and illegally resold or published an unlimited number of times by an infringer. While the quality of the replications is often inferior to the original, legitimate version, the cost to the infringer is nominal, allowing substantial economic profit. The ability to transmit infringing replications of copyrighted and trademarked digital intellectual property across national borders makes enforcement of intellectual property rights extremely difficult for legitimate owners.

Online piracy of adult entertainment has led the way for piracy of more mainstream copyrighted works; it has provided a roadmap at a significant cost to the legitimate and legal adult and mainstream entertainment industries. Piracy like what has been committed by Defendant is committed only for illegitimate self-enrichment at the expense of the rightful intellectual property owner.

Piracy is not a victimless crime and piracy of legal adult materials leads to greater occurrences of piracy across all other forms of online intellectual property. It is against this backdrop that the following Complaint is respectfully submitted to the Court.

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and violation of the Digital Millennium Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

4. An alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

6. This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d)

### PARTIES

7. Plaintiff BAOL LLC is a Limited Liability Company organized under the laws of the State of Delaware that processes online payments through an Arizona entity located in Tempe, Arizona, serving Arizona residents via internet connection, delivery of physical goods to Arizona

residents, and stocking products in Arizona retail stores creating a nexus of presence in this State.

8. Defendant Lubos Dzuba is a resident of the Slovak Republic living at Bratislava-Ruzinov, Bratislava, 82106 Slovak Republic.

9. BAOL LLC, (Plaintiff) is the rightful licensed distributor of the intellectual property owned by Lanning Janosov, the rightful trademark, copyright, and intellectual property owner of the United States trademarks, copyrights, and intellectual property that are the basis for this action. Commonly known as Bel Ami, Plaintiff is one of the world's oldest privately held producers of high-quality brand driven adult motion picture films. Plaintiff has been producing legal adult entertainment since 1993, from print magazines, posters, coffee table books and calendars to VHS videos, DVD's and online digital download and streaming. Plaintiff has produced, published and catalogued over 1,000 adult entertainment videos and holds over 200 United States copyright certificates for its works. Plaintiff has protected its trade names through United States trademark and service mark registrations and its films through United States copyright registrations.

10. Plaintiff is producer, distributor, and/or exclusive licensor of its motion pictures in the United States. Plaintiff is engaged in the business of producing, distributing, and/or licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted motion pictures and/or other audio-visual works. Plaintiff expends significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products.

11. Plaintiffs, either directly or through their affiliates or licensees, distribute their copyrighted works in various forms, without limitation, over the Internet, on subscription-based websites, pay-per-view, video on demand, DVD's, brick and mortar retail stores and other formats,

by selling them directly or indirectly to the home viewing market or licensing others to do so.

12. Plaintiffs have registered Trademarks with the United States Trademark Office and copyrights with the United States Copyright Office. Plaintiffs have taken industry standard steps to identify their products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played.

13. Lanning Janosov is the rightful trademark, copyright, and intellectual property owner of the United States trademarks, copyrights, and intellectual property that is the basis for this action. BAOL LLC is the wholly owned entity of Janosov that acts as distributor and agent.

14. The production of pornography is one of the most scrutinized and policed legal enterprises in the country, where overlapping state, local and federal regulations all require producers, distributors, and retailers to comply with a myriad of laws and record keeping schemes. Producers navigate the various legal requirements at great expense in order to remain compliance, carefully building government-required databases that must be maintained for inspection even beyond the life of the company. Plaintiff has meticulously complied with the various laws, rules, and regulations imposed upon production of legitimate adult entertainment and set a high bar for ethical conduct. Legitimate producers hire only consenting adults, and the final product is only sold to consenting adults through age-restricted channels. Both men and women participate in front of and behind the camera in well-compensated jobs that require skill and dedication.

15. Plaintiff, through entities owned or controlled, directly employs over 20 people, with the majority of those being technical, high tech, programming, and white-collar positions.

16. Plaintiff's popularity has made it one of the most easily recognized brands in the adult industry and a global leader in legal adult all male films. Plaintiff's highly sought-after

intellectual property is distributed on a wide range of platforms around the globe, including pay-per-view, internet and mobile devices.  As part of a pattern of sound business practices, Plaintiff has protected its trade names through United States trademark and service mark registrations and protected its videos through United States copyright registrations.

17. Plaintiff has produced in excess of 1,000 full-length adults-only or adult-oriented audio-visual works and holds over 100 United States copyrights for its works.

18. Plaintiff's BelAmi trademark and service mark have been continuously used in commerce since February 1993.  U.S. Trademark Registration No. 75648068 was registered on February 19, 2001 and renewed on September 10, 2012.

19. Plaintiff's BelAmiOnline trademark and service mark have been continuously used in commerce since August 1998.  U.S. Trademark Registration No. 88320136 was registered on January 7, 2020.

20. Plaintiff's FRESHMEN trademark and service mark have been continuously used in commerce since October 2016.  U.S. Trademark Registration No. 88072129 was registered on April 9, 2019.

21. Plaintiff either directly or through their affiliates or licensees has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark BelAmi and BelAmiOnline.  As a result, the purchasing public has come to know, rely upon and recognize the marks BelAmi, Freshmen, and BelAmiOnline as an international brand of high-quality entertainment.

22. Defendant Lubos Dzuba, aka Elio Chalamet, aka @elioprivate, aka @eliofree is a former independent contractor of Plaintiff and resides at Bratislava-Ruzinov, Bratislava, Slovak Republic 82106

23. Defendant was hired as an independent contractor to appear in various adult entertainment videos, including the videos in question. Defendant signed releases surrendering all claims to copyright or any other intellectual property rights he may have to Plaintiff and has no valid claim to any right to distribute, sell or re-sell any of the videos in question.

24. Defendants does business as Elio Chalamet with an account on the streaming platform OnlyFans.com. Defendant's account includes adult entertainment videos and images and is accessible by the public for a fee paid to Defendant.

25. Defendant sells premium access to his OnlyFans.com account for a monthly fee. Defendant also offers to sell video downloads directly to consumers for a per-download fee. Defendant has stated he earns over $20,000 USD per month through his OnlyFans account

## STATEMENT OF FACTS

26. Upon information and belief, Plaintiff avers that Defendant acted intentionally and knowingly to infringe on Plaintiff's copyrighted intellectual property for illegal profit and personal monetary gain by selling videos pirated from Plaintiff directly to consumers without any compensation to Plaintiff.

27. Upon information and belief, Defendant sells monthly access to his premium OnlyFans account for $6.95 to $9.95 per month and offers individual download videos for direct payments to paying customers. Defendant's claimed revenue from these activities exceeds $20,000 USD per month.  More accurate figures will be determined during discovery.

28. Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright owner.  By its definition each sale constitutes a separate and distinct instance of infringement.  Plaintiff has uncovered numerous knowing and intentionally infringing direct

sales by Defendant of Plaintiff's intellectual property over the past twelve months. The exact number of infringing sales of pirated material will be determined during discovery.

29.  The viability and profitability of Plaintiff is based upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's films and video productions.

30.  Upon information and belief, Defendant is in the practice of selling pirated copies of Plaintiff's videos to Plaintiff's consumers with extraordinary profit to Defendant. An illegitimate business model where the cost of goods sold is zero creates fantastic, but illegal, profit for the seller.

31.  Upon information and belief, Defendant has created, owns, and/or operates the accounts @elioprivate and @eliofree on the platform OnlyFans.com. Defendant uses this platform to reach Plaintiff's customers and sell pirated versions of Plaintiff's videos in which Defendant appears. Defendant knows there is no proper license or authority to distribute Plaintiff's films through Defendant's account and no proper license or authority to obtain financial gain from such distribution.

32.  The direct commercial sales and deception by Defendant is damaging to the rightful revenue streams and reputation of Plaintiff.

33.  Plaintiff's copyrighted works have been and continue to be infringed by Defendant through the reproduction, distribution, and display of Plaintiff's films by and through the accounts owned and operated by Defendant.

34.  Defendant has actual knowledge and clear notice of his extensive infringement of Plaintiff's works and the illegality of the same.

35. By virtue of the conduct alleged herein, Defendant knowingly and intentionally infringes the copyright and trademark rights of Plaintiff and Plaintiff's copyrighted and trademarked works, including but not limited to those listed in the paragraphs below.

## CLAIMS FOR RELIEF

### COUNT I

### Copyright and Trademark Infringement

36. On February 10, 2022, Defendant sold an unauthorized copy of Plaintiff's video Elio + Tim, protected by Copyright Registration PA0002288384 and Trademark Registration No. 4462597 and Trademark Registration No. 75648068 and Trademark Registration No. 88072129. This copyrighted and trademark protected work was sold by Defendant without the consent of, or licensing by, BAOL LLC, the exclusive copyright and trademark licensee and distributor of the motion picture.

37. On February 17, 2022, Defendant sold an unauthorized copy of Plaintiff's video Elio + Greg, published by Plaintiff October 6, 2020, protected by Copyright Registration PA0002288384 and Trademark Registration 4462597 and Trademark Registration No. 75648068 and Trademark Registration No. 88072129. This copyrighted and trademark protected work was sold by Defendant without the consent of, or licensing by, BAOL LLC, the exclusive copyright and trademark licensee and distributor of the motion picture.

38. Additional copyright and trademark infringing sales by Defendant will be outlined following discovery.

39. In WhatsApp communications Defendant has admitted to violating Plaintiff's intellectual property rights by his practice of selling Plaintiff's videos directly to consumers without license.

## COUNT II

<u>False Designation of Origin under the Lanham Act</u>

40. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

41. Upon information and belief, Defendant's conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

42. Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

43. Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

## COUNT III

<u>Dilution of Trademark</u>

44. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

45. Upon information and belief, Defendant's conduct is likely to cause dilution of Plaintiff's trademarks and goodwill pursuant to 15 U.S.C. 1125(c)

46. Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes trademark dilution pursuant to 15 U.S.C. § 1125(c)

47. Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

**PRAYER FOR RELIEF**

A. That Defendant be preliminarily and permanently enjoined from:
   a. Directly or indirectly using Plaintiff trade dress and terms or confusingly similar trade dress and terms, either alone or in combination with other terms, marks, symbols or trade dress;
   b. Marketing or selling any product containing or utilizing Plaintiff' intellectual property; or
   c. Any other conduct constituting unfair competition with Plaintiff, misappropriation of Plaintiff trade dress or terms or other intellectual property
B. That Defendant be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with any ordered injunction;
C. That Plaintiff be awarded damages including statutory damages of $150,000 per infringing activity, and including Plaintiff damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;
D. That Defendant pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized sale of Plaintiff's trademark and copyright protected property;
E. That Defendant be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized sale and distribution of Plaintiff intellectual property, images and videos
F. That Plaintiff be awarded enhanced damages and attorney's fees;

G. That Plaintiff be awarded pre-judgment and post-judgment interest;

H. That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I. That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

DATED:  4 March 2022                     Respectfully submitted,


                                         By:     /s/ Chad Anderson


                                                 Chad Anderson, Attorney at Law
                                                 Attorney for Plaintiff
                                                 Arizona Bar 020771

Physical Address                                 120 E Rio Salado Parkway
                                                 Tempe, Arizona 85281

MAILING ADDRESS:                                 P.O. Box 63333
                                                 Phoenix, AZ 85082

                                                 Telephone:  602-904-5485
                                                 Email: chad@dposolutions.com

                                                 ATTORNEY FOR PLAINTIFF